IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK SOUTHERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 c 4175 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| CITY OF HARVEY, ILLINOIS, a municipal ) | |
| corporation; DETECTIVE DEBOIS, Star # 639; ) | |
| DETECTIVE KEYES, Star $487; DETECTIVE ) | |
| WILLIAMS, Star #624; and UNKNOWN ) | |
| HARVEY POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Southern initially filed a seven-count complaint in the Circuit Court of Cook County, Illinois, against defendants City of Harvey and Harvey police detectives Debois, Keyes and Williams in their individual capacities, alleging false arrest and false imprisonment, conspiracy to deny due process, violations of civil rights, malicious prosecution and intentional infliction of emotional distress in Counts I through VII respectively, arising out of two arrests occurring on May 22, 2003, and November 20, 2005. Defendants removed the action to this court pursuant to 28 U.S.C. §§ 1331, 1441 based on plaintiff's claims under 42 U.S.C. § 1983 ("§ 1983"). Defendants then moved to dismiss Counts I, IV, V, VI and VII pursuant to FED. R. CIV. P. 12(b)(6). For the reasons set forth below, defendants' motion to dismiss is granted with respect to Counts I and V and is denied with respect to Counts IV, VI and VII.

# FACTS[1]

Plaintiff is a resident of Richton Park, Illinois. On May 22, 2003, plaintiff was visiting his girlfriend, Tombie King, who lived at 15117 Page Street in Harvey, Illinois, and was watching several young children in King's apartment. Defendants were conducting a raid of the housing complex plaintiff was visiting. They were looking for an unidentified black male suspected of selling narcotics. Plaintiff chased after one of the young children who ran outside the apartment. Defendants then detained plaintiff and allegedly arrested him for being in possession of a black handgun. Defendants then entered Ms. King's home without a warrant and proceeded to search the apartment. According to the complaint, defendants "recovered a handgun, a controlled substance and cannabis." Plaintiff was charged with possession of the handgun, a controlled substance and cannabis, knowing that the arrest was false.

Plaintiff alleges that defendants prepared false police reports and knowingly supplied false and misleading information to the prosecutors. Plaintiff also alleges that certain defendants falsely testified before the Grand Jury. As a result, plaintiff spent six days in the Cook County Department of Corrections before being released on bail. While the case was pending, Ms. King moved to 14800 Robey Ave. in Harvey. Defendants subsequently began looking for him at Ms. King's new address. On November 19, 2004, defendants obtained a search warrant for Ms. King's home. According to plaintiff, the warrant was illegally obtained through the false testimony of the defendants. The warrant was executed on November 20, 2004, while plaintiff

---

[1] Facts are taken from plaintiff's complaint and are accepted as true for the purposes of a motion to dismiss under 12(b)(6).

was present at Ms. King's address. Plaintiff was arrested and allegedly detained for several days without being taken to court.

On May 17, 2005, plaintiff was tried for the charges arising from the first arrest and found not guilty. In the second case, a trial was scheduled to occur on June 30, 2005. On that date, the court dismissed the charges against him. Plaintiff alleges that as a result of the defendants' actions, he suffered anxiety, humiliation, embarrassment and emotional trauma and suffering.

## STANDARD OF REVIEW

In ruling on a 12(b)(6) motion to dismiss, the court should accept all allegations in the complaint as true and view the facts in a light most favorable to the plaintiff. McDorman v. Smith, 437 F. Supp. 2d 768, 773 (N.D. Ill. 2006). A complaint should not be dismissed for failure to state a claim unless there is no doubt that the plaintiff cannot prove any set of fact entitling him to relief. Pressalite Corp. v. Matsushita Electric Corp. of America, 2003 WL 1811530, at *2 (N.D. Ill. April 4, 2003). There is no requirement to plead specific facts but merely a need to plead a claim for relief and plaintiffs "need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of." Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).

## DISCUSSION

Defendants have moved to dismiss Counts I (false arrest and imprisonment May 2003) and V (malicious prosecution May 2003 arrest) of plaintiff's complaint on the ground that they are time-barred, and Counts IV (§ 1983 against City of Harvey), VI (malicious prosecution

November 2004 arrest) and VII (intentional infliction of emotional distress) for failure to state a claim.

Counts I and V – False Arrest and Malicious Prosecution (May 22, 2003 arrest)

In Count I brought under § 1983, plaintiff alleges false arrest and false imprisonment arising out of the May 2003 arrest. The alleged incident occurred on May 22, 2003. Plaintiff filed his complaint on May 16, 2006. The statute of limitations for claims brought pursuant to § 1983 is two years from the date plaintiff can plead all elements of the claim. Sneed v. Rybicki, 146 F.3d 478, 481 (7th Cir. 1998). For a false arrest claim, plaintiff can plead all the elements of the claim on the date of his arrest regardless of subsequent proceedings. Id. Because plaintiff filed his claim for false arrest more than two years after May 22, 2003, Count I is time barred.[2] In Count V, plaintiff alleges a state law malicious prosecution claim arising from his May 2003 arrest. Section 8-101 of the Illinois Tort Immunity Act, 745 ILCS 10/8-101, provides that a claim for tort liability against "a local entity or any of its employees must be commenced within one year from the date that the injury was received or the cause of action accrued." Ferguson v. City of Chicago, 213 Ill.2d 94, 99 (2004). A claim for malicious prosecution "does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." Id. In the instant case, plaintiff alleges that the termination of his May 2003 arrest occurred on May 17, 2005, after trial and a not guilty verdict. Plaintiff filed his complaint on May 16, 2006. Thus, it would seem he is within the statute of limitations. The actual disposition of the case, however, occurred on March 22, 2005. The Certified Statement of Conviction/Disposition

---

[2]The court notes that plaintiff did not respond to defendants' motion to dismiss Count I, presumably because there is no response to be made.

attached to defendants' motion to dismiss indicates that a finding of not guilty was entered on March 22, 2005, by Judge Thomas O'Hara. As defendants correctly point out, the court may take judicial notice of the Certified Statement because it is part of the public record. See Craig v. City of Chicago, 2005 WL 1564982, at *5 (N.D. Ill. June 9, 2005). Thus, the correct expiration date of the statute of limitations is March 22, 2006, two months prior to plaintiff's filing. Therefore, defendants' motion to dismiss Count V is granted.[3]

Count IV – Monell claim against City of Harvey

In Count IV, plaintiff alleges various violations of his civil rights against defendant City of Harvey. A plaintiff's complaint in a § 1983 action against a municipality "need not meet any heightened pleading standard, but rather must simply set forth sufficient allegations to place the court and defendants on notice of the gravamen of the complaint." Latuszkin v. City of Chicago, 250 F.3d 502, 504 (7th Cir. 2001). In the instant case, plaintiff alleges that the City of Harvey developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of its citizens. Plaintiff additionally alleges that the City of Harvey encouraged the misconduct of its police officers and had a policy or custom of inadequately and improperly investigating citizen complaints of police misconduct.

It is well settled that a municipality cannot be held liable under § 1983 on the theory of *respondeat superior*. Monell v. Dept. of Social Serv., 436 U.S. 658. 690 (1978). For there to be liability the policy of the municipality itself must be the cause of discrimination. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). There are three ways in which the policy can violate an individual's civil rights: "(1) an express policy, that when enforced, causes a

---

[3]Again, plaintiff failed to respond to defendants' motion to dismiss Count V.

constitutional deprivation; (2) a widespread practice that, although not [expressly authorized], is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." Id.

In Taylor v. City of Chicago, 1997 WL 51445, at *2 (N.D. Ill. Feb. 3, 1997), the court noted that although the plaintiff generally alleged that the city had a policy of failing to train or supervise its officers, she did not allege anything beyond her own arrest to indicate the existence of such a policy. The court there noted that "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipality] policy does exist, are insufficient." Id. Since Taylor, however, the Seventh Circuit has relaxed the pleading requirements and recognized a simplified standard. The federal rules require only "that the complaint state a claim, not that it plead the facts that if true would establish … that the claim was valid." Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). So long as the defendant is put on notice of what he is being charged with, "details can wait for later stages." Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002).

In the instant case, plaintiff has alleged enough facts to put defendants on notice of his claim. He generally alleges that the City of Harvey has a policy or custom of inadequately training or supervising its police officers. He also generally alleges that the City of Harvey condones this policy by encouraging officer misconduct. Although plaintiff should be mindful that his obligations under Fed. R. Civ. P. 11 requires him to have evidentiary support of these allegations, the complaint is sufficient under the liberal notice pleading requirements under Fed. R. Civ. P. 8. Therefore, defendants' motion to dismiss Count IV is denied.

6

Count VI - Malicious Prosecution

In Count VI, plaintiff alleges a state law claim of malicious prosecution arising from his November 2004 arrest. To state a claim for malicious prosecution, the plaintiff must allege: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." Swick v. Liautaud, 169 Ill.2d 504, 512 (1996). In the instant case, it is the second element that is in dispute. A claim for malicious prosecution cannot stand on "underlying criminal proceedings which were terminated in a manner not indicative of innocence of the accused." Id. The burden of proof of favorable termination rests with the plaintiff. Id. at 513.

In the instant case, plaintiff alleges that the proceedings arising out of his November 2004 arrest were terminated in his favor and in a manner indicative of his innocence. Plaintiff relies on Swick for the proposition that a criminal proceeding is terminated in favor of the accused when the charges are abandoned via a *nolle prosequi*, unless the reasons for abandonment are not indicative of the accused's innocence. Swick, 169 Ill. 2d at 512. An abandonment of the charges is not indicative of innocence when the *nolle prosequi* results from an agreement with the accused, mercy requested by the accused, the institution of new criminal proceedings or the impossibility of bringing the accused to trial. Id. Plaintiff argues that none of the above indications are present in the instant case. Thus, he contends that his claim satisfies the standard under Swick.

This court recently upheld a complaint for malicious prosecution where the charges against the plaintiff were dismissed. McDorman v. Smith, 437 F. Supp. 2d 768 (N.D. Ill. 2006).

In McDorman, the defendant argued that "dismissal by a prosecutor does not operate as a favorable termination under Illinois law." Id. at 778. This court stated, however, that "to satisfy the burden of proof … [the defendant] must prove that the circumstances surrounding the abandonment of the criminal proceedings 'compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution.'" Id. at 779 (quoting Swick, 169 Ill.2d at 513-14). The court found that "[a]t this stage in the litigation, … [the defendant] has sufficiently alleged that the charges were terminated in her favor." McDorman, 437 F. Supp. 2d at 779. In the instant case, plaintiff has satisfied his burden. He has alleged that the proceedings arising out of his November 2004 arrest were terminated in his favor and in a manner indicative of his innocence. A reasonable inference of innocence can be drawn from such an allegation, and at this stage that is all that is required. Therefore, defendants' motion to dismiss Count VI is denied.

Count VII - Intentional Infliction of Emotional Distress

In Count VII, plaintiff alleges intentional infliction of emotional distress arising from both his May 2003 and November 2004 arrests. To state a claim for intentional infliction of emotional distress, a plaintiff must allege: "(1) extreme and outrageous conduct, (2) intent to inflict severe emotional distress or knowledge that such distress is highly probable, and (3) that the defendant's conduct did in fact cause severe emotional distress." Farrar v. Bracamondes, 332 F. Supp. 2d 1126, 1131 (N.D. Ill. 2004). Liability will exist, however, only where the conduct is so "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Public Finance Corp. v. Davis, 66 Ill.2d 85, 90 (1977). In Farrar, the plaintiff filed a § 1983 claim against various police officers alleging retaliation, discrimination

9

and conspiracy. 332 F. Supp. 2d at 1128. The court dismissed the claim because the plaintiff failed to identify any extreme or outrageous behavior on the part of the officers. Id. at 1131.

Under Illinois law, however, it is well-established that "the extreme and outrageous character of the conduct can arise from the abuse of a position of power." Doe v. Calumet City, 161 Ill.2d 374, 392 (1994). A police officer is the type of individual who can become liable through the abusive exercise of his authority. Id. In the instant case, plaintiff alleges several abuses of the officers' authority which could rise to the level of extreme and outrageous. Plaintiff alleges that the officers knowingly supplied false and misleading information to the prosecution, prepared false arrest reports, lied before the Grand Jury, and obtained a search warrant based on false statements causing him severe emotional distress.

Defendants argue that plaintiff has not established any conduct on the part of the officers rising to the level of extreme and outrageous. Defendants' argument is premature. Under the liberal notice pleading standards, "[i]t is axiomatic that a plaintiff need not "establish" anything to survive a motion to dismiss." Catchings v. City of Chicago, 2006 WL 1371440, at *3 (N.D. Ill. May 15, 2006). All that is required is that the complaint put the defendant on notice of the nature of the plaintiff's claim. Alliant Energy Corp., 277 F.3d at 919. In the instant case, plaintiff has sufficiently alleged enough facts to put the defendants' on notice of his claim. Therefore, defendants' motion to dismiss Count VII is denied.

## **CONCLUSION**

For the reasons discussed above, defendant's motion to dismiss is granted with respect to Counts I and V and denied with respect to Counts IV, VI and VII. Counts II and III also remain as defendants did not move to dismiss them. Defendants are directed to answer the remaining

counts of the complaint on or before November 28, 2006. The parties are directed to file a Joint Status Report using the court's form on or before November 30, 2006. This matter is re-set for a report or status on December 7, 2006 at 9:00 a.m.

**ENTER:     November 13, 2006**

_____
**Robert W. Gettleman
United States District Judge**