IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK SOUTHERN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 C 4175 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CITY OF HARVEY, ILLINOIS, a municipal | ) | |
| corporation, DETECTIVE DEBOIS, Star No. #639, | ) | |
| DETECTIVE KEYES, Star #487, DETECTIVE | ) | |
| WILLIAMS, Star #624, and UNKNOWN | ) | |
| HARVEY POLICE OFFICERS, | ) | |
| | ) | |
| Defendants | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Mark Southern initially filed a seven-count complaint in the Circuit Court of Cook County, Illinois, against defendants City of Harvey and Harvey police detectives Debois, Keyes and Williams in their individual capacities, alleging false arrest and false imprisonment, conspiracy to deny due process, violations of civil rights, malicious prosecution and intentional infliction of emotional distress in Counts I through VII respectively, arising out of two arrests occurring on May 22, 2003, and November 20, 2005. Defendants removed the action to this court pursuant to 28 U.S.C. §§ 1331, 1441 based on plaintiff's claims under 42 U.S.C. § 1983 ("§ 1983"). On November 13, 2006, this court dismissed Counts I and V as time-barred and denied the motion with respect to Counts IV, VI, and VII. *Southern v. City of Harvey*, 2006 WL 3332824 (N.D. Ill. 2007) ("*Southern I*"). Defendants have now moved for summary judgment as to Counts II, III, IV, VI, and VII pursuant to Fed. R. Civ. P. 56.[1] For the reasons discussed

---

[1] Plaintiff filed an eight page "Response" to defendants' motion for summary judgment, along with a 30 page "Memorandum . . . in Support of [Plaintiff's] Response," all without seeking leave of court for an oversized brief and without conforming to Local Rule 7.1.

below, defendants' motion for summary judgment is granted with respect to Counts II, III, IV, VI. Because this court grants summary judgment for defendants, it declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Count VII.

## FACTS

The following facts are undisputed. Plaintiff Mark Southern was a resident of Harvey in Cook County, Illinois. Defendants Debois, Keyes, and Williams were detectives for the City of Harvey Police Department. On May 22, 2003, plaintiff was visiting his girlfriend, Tombie King, at her apartment on 15117 Page Street in Harvey, Illinois, and was watching several young children in Ms. King's apartment. Defendants were conducting a raid of the housing complex plaintiff was visiting. They were looking for an unidentified black male suspected of selling narcotics. Plaintiff chased after one of the young children who ran outside the apartment. Defendants then detained plaintiff and allegedly arrested him for being in possession of a black handgun. Defendants then entered Ms. King's home without a warrant and proceeded to search the apartment. Plaintiff was charged with possession of the handgun, a controlled substance and cannabis. Defendants Williams, Debois, Keyes, and other officers testified before a Cook County Grand Jury that they observed plaintiff with a black handgun, possession of controlled substance and marijuana. Plaintiff was indicted and charged with unlawful possession of a weapon, possession of a controlled substance with intent to deliver, possession of cannabis with intent to deliver, and armed violence.

While plaintiff's case involving events from May 22, 2003, was pending, Ms. King moved from the Page Street address to 14800 Robey St. in Harvey, Illinois. Defendants subsequently began looking for plaintiff at Ms. King's new address. On November 19, 2004, defendants obtained a search warrant for Ms. King's home. According to plaintiff, the warrant

was illegally obtained through the false testimony of defendants. The warrant was executed on November 20, 2004, while plaintiff was at Ms. King's home on 14800 Robey St. watching her son while she was at work. Plaintiff was only a visitor and never lived at Robey Avenue. The officers executed the search warrant and found cannabis in the basement of Ms. King's home where plaintiff had been. Plaintiff was charged with misdemeanor possession of cannabis.

On May 17, 2005, plaintiff was tried for the charges arising from the first arrest and found not guilty. In the second case, a trial was scheduled to occur on June 30, 2005. On that date, the charges were stricken with leave to reinstate.

## DISCUSSION

The defendants have moved for summary judgment on Counts II, III, IV, VI, VII of plaintiff's complaint. Under Fed. R. Civ. P. 56(c), a court should grant a motion for summary judgment if "there is no genuine issue of material fact and … the moving party is entitled to judgment as a matter of law." The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits which demonstrate an absence of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c). When reviewing a summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The court's role "is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994).

**Count II**

Count II alleges a § 1983 claim for false arrest and false imprisonment arising from the November 20, 2004, arrest. To succeed on a § 1983 claim, plaintiff must prove a deprivation of a federally guaranteed right which is perpetrated under the color of law. *Burrell v. City of Mattoon,* 378 F.3d 642, 647 (7th Cir. 2004). Plaintiff must prove that defendant caused or participated in the alleged constitutional deprivation. *Wolf-Lille v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). If the defendant establishes probable cause for the arrest, however, a § 1983 claim for false arrest is precluded. *Pourghoraishi v. Flying J., Inc.,* 449 F.3d 751, 762 (7th Cir. 2006). "In order to have probable cause for an arrest, law enforcement agents must reasonably believe, in light of the facts and circumstances within their knowledge at the time of the arrest, that the suspect had committed or was committing an offense." *Payne v. Pauley,* 337 F.3d 767, 776 (7th Cir. 2003). Reasonableness is determined by what the officers knew, not whether they knew or should have known it is the truth. *Gramenos v. Jewel Companies,* 797 F.2d 432, 439 (7th Cir. 1986).

In the instant case, plaintiff actually stated to the officers that the marijuana found in the basement belonged to him. Thus, there was probable cause to arrest plaintiff for misdemeanor possession of marijuana, and the § 1983 claim for the false arrest is precluded. Nevertheless, plaintiff contends that the defense of probable cause is unavailable because he was falsely arrested based on an illegally obtained search warrant. Plaintiff argues that in order to secure the warrant, defendants falsely provided information to the court, rendering the search warrant illegal.

Plaintiff does not have standing to contest the illegal search of Ms. King's home because he was not living there and did not have a legitimate expectation of privacy. *See Minnesota v.*

*Olson,* 495 U.S. 91, 93-4 (1990). Plaintiff was a visitor at Ms. King's home, was not an overnight guest, and was never left alone in the home. He was accompanied by Ms. King's son and cousin. Further, even if the search warrant was illegal, and even if plaintiff did have standing to contest the illegal search, these facts would result, at most, in the exclusion of the evidence at the criminal trial. Probable cause would not be negated, however, and thus a false arrest claim is precluded. *See e.g., Mason v. City of Indianapolis*, 2007 WL 2700193 at *7 (S.D. Ind. 2007). Therefore, defendant's motion for summary judgment on Count II is granted.

**Count III**

In Count III, Plaintiff alleges that the defendants conspired to deny him due process of law. To establish a prima facie case of civil conspiracy, plaintiff must show: (1) an express or implied agreement among defendants to deprive him of him constitutional rights; and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Scherer v. Balkema,* 840 F.2d 437, 442 (7th Cir. 1988). An agreement may be express or implied. *Id.* An "[a]greement may be inferred from circumstantial evidence, but only if it is sufficient to permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Green v. Benden*, 281 F.3d 661, 665-66 (7th Cir. 2002).

Plaintiff's complaint alleges a conspiracy to deny due process based on plaintiff's false arrest claim. First, any claim related to plaintiff's earlier arrest on May 23, 2003, is time-barred because the statute of limitations expired prior to plaintiff filing suit on August 16, *See Southern I*. Second, plaintiff's conspiracy claim fails because there is no underlying constitutional violation. "If a plaintiff cannot establish a constitutional claim against a defendant, then the plaintiff also cannot establish any conspiracy claim based upon the same

conduct." *Bakaj v. Franklin Park*, 2008 U.S. Dist. LEXIS 22043 (N.D. Ill. 2008)(citing *Ollins v. O'Brien*, 2006 U.S. Dist. LEXIS 39453 (N.D. Ill. 2006)); *see also Delgadillo v. Paulnitsky,* 2007 U.S. Dist. LEXIS 40730 (N.D. Ill. 2007). The absence of an underlying constitutional violation precludes a conspiracy claim. *Indianapolis Minority Contrs. Ass'n v. Wiley,* 187 F.3d 743, 754 (7th Cir. 1999). Defendants had probable cause to arrest plaintiff on November 20, 2004, which negated plaintiff's false arrest claims and, therefore, precludes plaintiff from succeeding on his claim of conspiracy.

Count III also alleges denial of plaintiff's right of access to the court to litigate the underlying misconduct of defendants. Plaintiff's claim of conspiracy to deny him a right of access to the court also fails because plaintiff was personally involved in the arrest and, thus, had firsthand knowledge of all the facts and circumstances involved in his arrest. *See Thompson v. Boggs,* 33 F.3d 847, 852-53 (7th Cir. 1994); *see also Lyons v. Adams,* 257 F.Supp.2d 1125, 1135 (N.D. Ill. 2003)*.* In both *Thompson* and *Lyons*, the court found a firsthand witness was not deprived of effective and meaningful access to the courts.

Therefore, the court grants defendants' motion for summary judgment on Count III.

**Count IV**

Count IV alleges violations of plaintiff's civil rights by the City of Harvey. To establish a claim against the City of Harvey, plaintiff must show a deprivation of his constitutional rights caused by an official custom or policy of the city. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The *Monell* claim must be dismissed if there is an absence of an underlying constitutional violation. *Id.*

In the instant action, plaintiff has failed to establish an underlying constitutional violation. As mentioned above, there was probable cause to arrest plaintiff on November 20,

2004, for the possession of cannabis. Therefore plaintiff's claims that there are material issues of fact that defendant City of Harvey failed to supervise its police department and train its personnel are irrelevant. Accordingly, defendants' motion for summary judgment on Count IV is granted.

**Count VI**

Count VI alleges malicious prosecution against all defendants for the November 20, 2004 arrest. Under Illinois law, a claim for malicious prosecution must include: (1) the commencement or continuance of an original or criminal judicial proceeding by the defendant; (2) termination of the prosecution in favor of plaintiff in a manner indicative of the innocence of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and, (5) damages resulting to the plaintiff. *Bradley v. Avis Rental Car System, Inc.,* 902 F. Supp. 814, 821 (N.D. Ill. 1995)(citing *Khan v. American Airlines*, 266 Ill. App. 3d 726, 731-32, 203 Ill. Dec. 171, 639 N.E.2d 210 (1st Dist. 1994)).

Defendants claim that there is no evidence that they filed any criminal charges or complaints that in any manner commenced or continued any criminal proceedings against plaintiff, and that there has been no showing of malice or damages related to plaintiff's arrest. Additionally, because there was probable cause for plaintiff's arrest plaintiff is precluded from asserting a claim for malicious prosecution. *Bradley,* 902 F. Supp. 821. Accordingly, Defendants' motion for summary judgment on Count VI is granted.

**CONCLUSION**

For the above reasons, defendants' motion for summary judgment is granted with respect to Counts II, III, IV, VI, and, because this court grant summary judgment for defendants, it declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Count VII.

**ENTER:** **June 4, 2008**

_____
**Robert W. Gettleman
United States District Judge**